IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NORMAN HOSPITALITY INC. and PREMIER HOSPITALITY MANAGEMENT INC., <br><br> Plaintiffs, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. CIV-22-00347-JD |

## ORDER OF DISMISSAL

Because Plaintiffs have failed to prosecute this action and failed to comply with the Court's Orders, and for the reasons discussed below, the Court dismisses this action under Federal Rule of Civil Procedure 41(b) and its inherent authority to manage its cases. As a result of the Court's sua sponte action, the Court denies Defendant's Motion to Enforce the Court's Order Requiring Plaintiffs to Respond to Defendant's Discovery Request [Doc. No. 46] as moot.

**I.     PROCEDURAL BACKGROUND**

On April 25, 2023, upon granting Plaintiffs' counsels' motion to withdraw as counsel [Doc. No. 41], the Court ordered that within 21 days, Plaintiffs must retain new counsel. [Doc. No. 44]. The Court warned that if Plaintiffs failed to comply with the Court's order and with the deadlines imposed in that order, the Court may dismiss the action without prejudice without further warning by the Court. *Id.* at 2.

No counsel entered an appearance for either Plaintiff before the deadline.

## II.   DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "[T]he Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). Moreover, "[t]he 'authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' . . . [D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (quoting *Link*, 370 U.S. at 630–31; citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)).

"A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" *Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

Analyzing this case against these criteria, dismissal without prejudice is appropriate. First, Plaintiffs' failure to comply with the Court's Orders and failure to prosecute this action have prejudiced Defendant by unnecessarily delaying this case and disrupting the discovery process. This case has been pending for over a year and is now at a standstill based on Plaintiffs' conduct. Plaintiffs' failure to obtain counsel, in contravention of the Court's Orders, has likewise interfered with the judicial process, requiring the Court to expend unnecessary resources and impairing the Court's management of its docket. As for culpability, Plaintiffs are solely responsible for the delay and have offered no justification or explanation for the failure to comply with the Court's Orders or prosecute this action. The Court also specifically warned Plaintiffs that dismissal without prejudice was a possible result if Plaintiffs failed to comply with the Court's Orders. *See* [Doc. No. 44] at 2. Finally, given Plaintiffs' failure to comply with the Court's Orders, the Court finds that no lesser sanction would be appropriate.

### III. CONCLUSION

While the Court is mindful that dismissal can be an extreme sanction, the Court concludes that such action is warranted in this case. Consequently, under both Rule 41(b) and its inherent power to manage its caseload so as to achieve the orderly and expeditious disposition of cases, the Court DISMISSES this action WITHOUT PREJUDICE. The Court further DENIES Defendant's Motion to Enforce [Doc. No. 46] as MOOT.

IT IS SO ORDERED this 17th day of May 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE